# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-150-H

**L. RUTHER**                                                                     **PLAINTIFF**

**v.**

**BARRY GASH**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Unrepresented by counsel, Plaintiff L. Ruther initiated this action by filing a handwritten complaint on his own paper against Barry Gash. He alleges, "I put 59,000 cash 59000 service to Gash, Commonwealth Collection LLC Ky Grand Theft Fraud." He "order[s] jury trial in 30 days" and cites to 1878 Art 1 Sec 10, 1; 1868 US 14; 1865 US 13; and 1791 US 5, 7. He demands $118,000 plus interest since October 25, 2006. Because Plaintiff filed a handwritten complaint, the Clerk of Court issued a deficiency notice instructing Plaintiff to file his complaint on a Court-supplied form. Plaintiff filed a response on his own paper, claiming that he did not receive the form. In the response, he cites to "1787 US Art 1 Sec 10, 1"; 1791 US 5; 1791 US 7; 1868 US 14; and due process. He states "no state stop contract" and "court is voice court suit start at voice," and he seeks $120,000 plus punitive damages.

Plaintiff filed an application to proceed without prepayment of fees (DN 3), which the Court **GRANTS**. Because Plaintiff is proceeding *in forma pauperis*, the Court must perform an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). On review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the action will be dismissed.

First, with regard to Plaintiff's criminal claims of grand theft and fraud, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors, *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986), and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Second, none of the U.S. case citations cited to by Plaintiff exist. Third, Plaintiff has alleged no liberty interest requiring due process protections.

Fourth, it is unknown what source Plaintiff is referencing in citing to "Art 1 Sec 10, 1." To the extent he is referencing Article I, Section 10, Clause 1 of the U.S. Constitution, he fails to demonstrate its applicability. *See* U.S. CONST., art. I, § 10, cl. 1 ("No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.").

Finally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted)). The Court concludes that Plaintiff's

complaint wholly fails to give Defendant fair notice of the claim(s) against him and must be dismissed for this reason as well.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
4412.005